```
                                                         CLERK'S OFFICE U.S. DIST. COURT
                                                               AT DANVILLE, VA
                                                                   FILED for
                                                                     RW
                                                                MAY 01 2008
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF VIRGINIA      JOHN F. CORCORAN, CLERK
                  ROANOKE DIVISION               BY: HMcDonald
                                                      DEPUTY CLERK
```

| | |
|---|---|
| SHAWN L. HENDERSON, ) | |
|     Plaintiff, ) | Civil Action No. 7:08cv00303 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNKNOWN, ) | By: Hon. Jackson L. Kiser |
|     Defendant. ) | Senior United States District Judge |

The plaintiff, Shawn L. Henderson, an inmate at the Pendleton Correctional Facility in Pendleton, Indiana, has filed a document, styled as an affidavit, which the court construes as a pro se civil rights action under 42 U.S.C. § 1983. The court will deny plaintiff's request to proceed in forma pauperis, and will dismiss the complaint.

According to court records, plaintiff has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court will dismiss the complaint.

---

[1] See, e.g., Henderson v. Peters, 2:03-cv-168 (S.D. Ind. June 18, 2003); Henderson v. Unknown, 3:05-cv-299 (N.D. Ind. July 11, 2005); Henderson v. Unknown, 3:05-cv-404 (N.D. Ind. July 11, 2005); Henderson v. The Wizard of Oz, 3:06-cv-734 (October 30, 2006). In each of these cases, plaintiff was advised and reminded of his "three strike" status and ineligibility to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

[2] Plaintiff styles his complaint as an affidavit, which includes, inter alia, the following (quoted verbatim): "For services rendered, this court must immediately pay Shawn L. Henderson £ 100 million pounds via U.S. postal money order which this court must immediately deliver said postal money order." Plaintiff states four similar paragraphs, and then states that, "[f]or services rendered, Senator Baraxa [sic] Obama must be elected the next president of the United States – [sic] of America." Plaintiff's allegations fail to suggest that he faces "imminent" danger of "serious" physical harm. Were plaintiff not subject to the restrictions set out in 28 U.S.C. § 1915(g), the complaint would be dismissed as frivolous. Pursuant to § 1915A(b)(1), the court must dismiss a complaint as soon as practicable if the court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A complaint may be dismissed as frivolous if it "lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it
(continued...)

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This ___1st___ day of May, 2008.

*[signature]*
Senior United States District Judge

---

²(...continued)
contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. Id. at 327-28. Under this standard of frivolity, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992).